**Glinda J. VANDERFORD, Plaintiff,**

**v.**

**PARKER HANNIFIN CORP., Defendant.**

**No. 1:96CV139–S–A.**

United States District Court,
N.D. Mississippi,
Eastern Division.

July 15, 1997.

Michael D. Cooke, Iuka, MS, for plaintiff.

Michael D. Chase, Mitchell, McNutt, Threadgill, Smith & Sams, Tupelo, MS, for defendant.

## OPINION

SENTER, Chief Judge.

This cause, involving claims under the Americans with Disabilities Act and the Age Discrimination in Employment Act, is before the court upon the defendant's summary judgment motion.

### FACTS

Glinda Vanderford was an employee of Parker Hannifin Corporation in Booneville, Mississippi when she began a medical leave of absence on June 5, 1995 due to pain over various parts of her body. During her leave, Vanderford visited with several doctors who were unable to diagnose her ailment until she finally sought care from a rheumatologist, Dr. Michael Saitta. Dr. Saitta diagnosed Vanderford with fibromylagia.

While on leave, Vanderford submitted six short-term disability leave claim forms, which consecutively extended the "through" date for the disability. On three of the forms Vanderford indicated that she could return to work on July 31, July 24, and August 14, respectively. Vanderford wrote on the final form, signed on September 12, that the date for return to work was "unknown." The physician's statements on the forms were completed by four different doctors.

On September 18, 1995, Larry Massey, the personnel manager at Parker Hannifin, sent a letter to Vanderford informing her that she had exhausted her leave time under the Family and Medical Leave Act, and, therefore, her employment was terminated effective August 28, 1995. Both plaintiff and defendant agree that Vanderford presented an excuse from Dr. Wayne Alexander on August 14, 1995, advising her to remain off work until August 28, 1995. Vanderford claims that on August 25, 1995, she presented yet another excuse from Dr. Michael Saitta excusing her from work until September 21, 1995. Parker Hannifin disputes this claim.

### DISCUSSION

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). An issue is "genuine" when the nonmoving party comes forward with evidence sufficient to enable the trier of fact to find in his favor on the issue. *Id.* at 248, 106 S.Ct. at 2510. "This showing requires more than 'some metaphysical doubt as to the material facts.'" *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir.1994)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In this analysis, the court must view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *Crescent Towing v. M/V Anax*, 40 F.3d 741, 743 (5th Cir.1994).

The Americans with Disabilities Act prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA is not an affirmative action program designed to give priority in hiring or reassignment over those who are not disabled. *Daugherty v. City of El Paso*, 56 F.3d 695, 700 (5th Cir. 1995), *cert. denied,* ── U.S. ──, 116 S.Ct. 1263, 134 L.Ed.2d 211 (1996). Instead, the purpose of the Act is to ensure that individuals with disabilities be given the same consideration for employment as individuals without disabilities. 29 C.F.R. Pt. 1630.1(a), App.

 To establish a prima facie case under ADA, Vanderford must prove that (1)

she suffers from a disability; (2) she is a qualified individual; and, (3) she suffered an adverse employment action because of her disability. *Taylor v. Dover Elevator,* 917 F.Supp. 455, 459 (N.D.Miss.1996). The term "disability" under the ADA is defined as: (a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment. 42 U.S.C. § 12102(2). The ADA defines a "qualified individual with a disability" as "an individual who, with or without accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Assuming arguendo that Vanderford had a disability, this court finds nonetheless that she was not a qualified individual under the Act.

■■■ "An essential element of any job is an ability to appear for work and to complete assigned tasks within a reasonable period of time." *Rogers v. International Marine,* 87 F.3d 755, 759 (5th Cir.1996) quoting *Carr v. Reno,* 23 F.3d 525, 530 (D.C.Cir.1994). Attendance at work is an essential function of all jobs. *Tyndall v. National Educ. Centers,* 31 F.3d 209, 213 (4th Cir.1994); *Jackson v. Veterans Admin.,* 22 F.3d 277, 278–79 (11th Cir.1994), *cert. denied,* 513 U.S. 1052, 115 S.Ct. 657, 130 L.Ed.2d 560 (1994); *Howard v. North Miss. Medical Center,* 939 F.Supp. 505, 509 (N.D.Miss.1996); *Barfield v. Bell South Telecommunications,* 886 F.Supp. 1321, 1325 (S.D.Miss.1995). Vanderford argues that Parker Hannifin was obligated under the ADA to "reasonably accommodate" her leave of absence. No such requirement exists under the ADA and, in fact, this very argument was addressed by the Fifth Circuit in an opinion dated July 12, 1996. In *Rogers v. International,* the Court said:

> Moreover, Rogers cannot demonstrate that IMT could reasonably accommodate his purported disability. While Rogers contends that IMT was required to accommodate him by allowing him to enjoy indefinite leave, this argument is meritless. As the Fourth Circuit recently explained,

> "Nothing in the text of the reasonable accommodation provision requires an employer to wait an indefinite period for an accommodation to achieve its intended effect. Rather, reasonable accommodation is by its terms most logically construed as that which presently, or in the immediate future, enables the employee to perform the essential functions of the job in question.... [R]easonable accommodation does not require [an employer] to wait indefinitely for [the employee's] medical conditions to be corrected."

87 F.3d 755, 759–60 (5th Cir.1996) quoting *Myers v. Hose,* 50 F.3d 278, 283 (4th Cir. 1995).

Whether Vanderford supplied the medical excuse allowing her to return to work is immaterial as it is not a genuine issue for these summary judgment purposes. Parker Hannifin was entitled to terminate Vanderford simply because of her lack of attendance.

■■■ Vanderford's age discrimination claim is also without merit. Parker Hannifin has offered a legitimate, nondiscriminatory reason for her discharge and Vanderford has failed to rebut the legitimate, nondiscriminatory reason through evidence that the defendant's articulated reason is a pretext for discrimination.

For the reasons stated above, the defendant's motion for summary judgment as against both claims of the plaintiff is granted. An order in accordance with this opinion shall be issued.