**ZIMMERN COAL CO. v. COAL TRADING ASS'N OF ROTTERDAM, THE NETHERLANDS, et al.**

Circuit Court of Appeals, Fifth Circuit.
February 27, 1929.

No. 5434.

Harry T. Smith, of Mobile, Ala., and Philip D. Beall, of Pensacola, Fla. (Wm. G. Caffey, of Mobile, Ala., on the brief), for appellant.

William Fisher, of Pensacola, Fla., for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. Appellant filed a libel to enforce its maritime lien for bunker coal supplied to the German steamship Totila, formerly Harald, at the port of New Orleans. During the period intervening the furnishing of the coal and the filing of the libel, the ship was seized at Rotterdam, and there sold free of liens under judicial proceedings brought in a court of Holland to enforce the lien of a mortgage. The proceeds of sale were required to be and were deposited in the registry of the court for distribution to those entitled according to the priority of their liens against the ship. The District Court held that the decree of the Holland court had the effect of destroying appellant's lien on the ship, and dismissed the libel.

The proceedings in Holland were had before the Arrondissements-Rechtbank, a court of general admiralty jurisdiction under the laws of the Netherlands. Where a ship is mortgaged by nonresidents, as is the case here, jurisdiction is given by law to seize the ship and transfer title to the purchaser free of liens. In such a case all privileges and liens are transferred to the proceeds of sale. There is no provision of law requiring the publication of notice, but the sale takes place in open court. The Harald was seized and sold in accordance with these provisions of law.

In the court below many objections were made on the ground that the proceedings before the Holland court were not properly authenticated, but the only one of those objections urged here is that the payment of the purchase price is shown only by the declaration of the attorney for the libelant. That objection is not supported by the record, as the payment of the purchase price is clearly shown by the minutes of the court.

The principal contention of the appellant is that the Holland court did not acquire jurisdiction to order the ship sold free of liens, because notice by publication was not required by law, and was not in fact given. It is argued that the proceeding was in personam, and therefore that seizure of the ship was unauthorized; but it is also insisted that notice by publication is essential even in a proceeding in rem. If it be conceded that the proceeding was in personam, jurisdiction was not affected by joining that proceeding with one in rem. Hipolite Egg Co. v. United States, 220 U. S. 45, 59, 31 S. Ct. 364, 55 L. Ed. 364. Under the Ship Mortgage Act of 1920, the lien of a preferred mortgage may be enforced by suit in rem. 41 Stat. 1003 (46 USCA § 951). And it was shown by the evidence that the lien of a mortgage upon a ship could likewise be enforced under the law of The Netherlands.

The decree in question is therefore to be treated as one that was entered in a suit in rem. Notice by publication, although required in this country by our Admiralty Rule 10, is not essential to the validity of a decree rendered by the court of a foreign power. Where the proceeding is in rem, notice is served upon the thing itself. "This is necessarily notice to all those who have any interest in the thing, and is reasonable because it is necessary, and because it is the part of common prudence for all those who have any interest in it, to guard that interest by persons who are in a situation to protect it." The Mary, 9 Cranch, 126, 144, 3 L. Ed. 678. The case of Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914, relied on by appellant, does not announce a different rule.

The question there involved was not one of notice, but of denial of the right of a hearing to the owner of the seized property. It was recognized that seizure was sufficient to impart notice. We are of opinion that the Holland court had jurisdiction, and that its decree ought to be held valid in a court of the United States. Hilton v. Guyott, 159 U. S. 113, 167, 16 S. Ct. 139, 40 L. Ed. 95.

The decree is affirmed.