**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 93-3725

CRESCENT TOWING & SALVAGE CO., INC.,

Plaintiff-Appellant,

versus

M/V ANAX (formerly known as M/V KOMIN),
her engines, tackle, apparel, furniture, etc., <u>in rem</u>,

Defendant,

ANAX NAVIGATION CO., S.A.,

Claimant-Appellee

Appeal from the United States District Court
For the Eastern District of Louisiana

(December 13, 1994)

Before REAVLEY, DeMOSS and STEWART, Circuit Judges.
DeMOSS, Circuit Judge:

Crescent Towing & Salvage Company filed this libel in rem against the M/V ANAX (formerly the M/V KOMIN) seeking to enforce a maritime lien for tug services furnished to the vessel. Anax Navigation Co., S.A. ("Anax") claims that Crescent's maritime lien, if any, was extinguished by a judicial sale, which was ordered and conducted in Greece pursuant to a valid *in rem* proceeding in that country. The district court granted summary

judgment in favor of Anax, holding that the judicial sale in Greece wiped out all pre-existing liens. Because we find that Anax failed to meet its burden of proof on summary judgment, we reverse.

## BACKGROUND

The question to be answered in this appeal is: What type of evidence must be presented to a district court sitting in admiralty before that court can recognize and give effect, as a matter of law, to a judicial sale conducted in a foreign country such that the sale extinguishes all pre-existing maritime liens?

In June 1992 Crescent Towing furnished tug services to the M/V KOMIN in the amount of $ 10,676.00.  Despite repeated demands upon the vessel owner, Secretariat Shipping, the bill remained unpaid.  In February 1993 the vessel returned to U.S. waters and Crescent Towing threatened arrest of the vessel to obtain payment.  In lieu of arrest, the vessel interests and Crescent Towing entered into a private security agreement which established a fund adequate to cover any final judgment against the vessel for the towing services.  Crescent then filed this suit to enforce the lien.

In May 1993, Anax filed a claim of ownership, praying to defend the action, and a motion for summary judgment.  Anax's motion for summary judgment alleged that the M/V KOMIN had been seized and sold at auction in Piraeus, Greece pursuant to a judicial order by a Greek court foreclosing a first preferred ship mortgage held by Norges Hypotekinstitutt A/S.  Norges, the

2

mortgage holder, was apparently the successful bidder at auction and was allowed to offset the sale price by the amount of its claim against the mortgagor, Secretariat Shipping. Anax produced a bill of sale showing that the M/V KOMIN was sold by Norges to Anax the following day for ten dollars. Anax subsequently renamed the vessel the M/V ANAX.

In its motion for summary judgment Anax argued that the judicial sale in Greece was conducted pursuant to a valid *in rem* proceeding and therefore extinguished all pre-existing maritime liens, including Crescent Towing's lien for towing services. Crescent responded that there were genuine issues of fact as to whether the Greek proceeding was in fact a valid *in rem* proceeding and whether the sale had the effect, under Greek law, of extinguishing pre-existing maritime liens. In July 1993, the district court granted summary judgment in favor of Anax. Thereafter Crescent filed a motion for reconsideration or in the alternative for Rule 56(f) relief.[1] After hearing oral argument on the motion, the district court denied Crescent's motion, entered judgment in Anax's favor, and dismissed Crescent's claims. This appeal followed.

## DISCUSSION

We review the district court's grant of summary judgment *de novo*, using the same standards as the district court. Lavespere

---

[1]Rule 56(f) provides that the court can order a continuance or refuse the application for judgment if it appears that a party opposing summary judgment cannot present facts essential to its position by affidavit.

v. Niagra Machine & Tool Works, 910 F.2d 167, 177 (5th Cir. 1990), cert. denied, 114 S. Ct. 171 (1993). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. at 177-78. To determine whether there are genuine fact issues, we first consult the applicable law to ascertain what issues are material. Id. at 178. Next, we review the evidence on those issues, viewing the facts and inferences in the light most favorable to the nonmoving party. Id.

In this case Anax is asserting the judicial sale in Greece as a bar to Crescent's pre-existing maritime lien. This is an affirmative defense for which Anax would have the burden of proof at trial. Therefore, Anax had the burden on summary judgment to establish each element of that defense as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Thorsteinnsson v. M/V Drangur, 891 F.2d 1547, 1550-51 (11th Cir. 1990).

**The Applicable Law**

Relying on the doctrine of comity, this Circuit has held that judicial sale of a vessel pursuant to a valid *in rem* proceeding by a court of competent jurisdiction extinguishes all pre-existing maritime liens. Belcher Co. v. M/V Maratha Mariner, 724 F.2d 1161, 1165 (5th Cir. 1984) (citing Zimmern Coal Co. v. Coal Trading Assoc., 30 F.2d 933 (5th Cir. 1929) and The Trenton, 4 F. 657 (E.D. Mich. 1880)). In the Fourth Circuit this doctrine has been extended to provide that judicial sale by way of attachment, rather

4

than *in rem*, will also extinguish pre-existing maritime liens if the court's proceedings are "sufficiently similar to an *in rem* proceeding to make its decree recognizable by and binding on the American courts."[2]  The district court in this case relied on the Fourth Circuit's interpretation in <u>Gulf & Southern Terminal Corp. v. S.S. President Roxas</u>, 701 F.2d 1110, 1112 (4th Cir.), <u>cert. denied</u>, 462 U.S. 1133 (1983).  Our own Circuit, however, has been much more reluctant to give such an effect to a foreign judicial sale unless the *in rem* character of the proceeding has been clearly established and the evidence demonstrates that the sale was made free and clear of all liens.  <u>Perez & Compania (Cataluna), S.A. v. M/V Mexico</u>, 826 F.2d 1449, 1451 (5th Cir. 1987)[3]; <u>Belcher</u>, 724 F.2d

---

[2]<u>South Carolina State Ports Authority v. Silver Anchor S.A.</u>, 23 F.3d 842, 848 (4th Cir. 1994); <u>see</u> <u>also</u> <u>Gulf & Southern Terminal Corp. v. S.S. President Roxas</u>, 701 F.2d 1110 (4th Cir.), <u>cert. denied</u>, 462 U.S. 1133 (1983).

[3]We note in passing that, although Greece is signatory to the Brussels Convention, this Court's broad holding in <u>Perez</u>, 726 F.2d 1449, 1451 (5th Cir. 1987) that "the attachment of a vessel in a nation signatory to the Brussels Convention cannot be equated to an *in rem* Rule C seizure in the United States" does not apply to this case.  In <u>Perez</u>, the vessel was sold in a foreign forum to satisfy a debt for fuel.  As to that claim, this Court correctly held that the Convention's provision allowing arrest of either the receiving vessel or any other vessel owned by the same ship owner converted the proceeding from one against the vessel *in rem* to an attachment.  <u>Perez</u>, 726 F.2d at 1451.  As to claims arising from the "mortgage or hypothecation of a ship," however, the Convention provides that "no ship other than the particular ship in respect of which the claim arose, may be arrested." International Convention Relating to the Arrest of Sea-Going Ships, 1952, Brussels, May 10, 1952, Art. I (1)(q) & 3 (1) (*reprinted in* BENEDICT ON ADMIRALTY, Doc. 8-1 (Frank L. Wiswall, Jr. ed. 6th ed. (1994).  Therefore, the fact that Greece is signatory to the Brussels Convention does not alone convert the action from one of arrest *in rem* to attachment because the Convention did not authorize arrest of any vessel other than the M/V KOMIN to foreclose on the mortgage.

at 1164-65. Based on existing precedent, therefore, we hold that summary judgment based upon the affirmative defense of a prior judicial sale in a foreign country is inappropriate unless there are no genuine issues of fact relating to the following elements: (1) that a foreign court of competent admiralty jurisdiction ordered the sale; (2) that the court conducted fair and regular proceedings; (3) that the sale was ordered pursuant to a validly entered judgment in an *in rem* admiralty proceeding; and (4) that the effect of the sale, under the law of that foreign forum, would be to extinguish all pre-existing maritime liens. See Perez, 826 F.2d at 1450-51; Belcher, 724 F.2d at 1164-65; Atlantic Ship Supply, Inc. v. M/V LUCY, 392 F. Supp. 179, 182 (M.D. Fla. 1975), aff'd, 553 F.2d 1009 (5th Cir. 1977); Zorgias v. S.S. Hellenic Star, 370 F.Supp. 591 (E.D. La. 1972), affd, 487 F.2d 519 (5th Cir. 1973); see also M/V Drangur, 891 F.2d at 1550-55; President Roxas, 701 F.2d at 1112 (Mexican court had control over res, conducted fair and regular proceedings and had the power to sell the vessel free and clear of all liens). Therefore, a party claiming that a judicial sale has extinguished pre-existing liens must produce evidence on these four material issues in order to be entitled to summary judgment.

### Reviewing the Evidence: Anax's Summary Judgment Proof

Anax's proof on summary judgment consisted of three documents: (1) the affidavit of Aris D. Vourdas, a Greek attorney who represented Norges in the foreclosure, purchase and subsequent resale of the vessel; (2) a Summary of the Report on the Auction

6

("Summary") prepared by a notary public, also identified as the "Auction Officer," and translated from Greek by Vourdas; and (3) a bill of sale memorializing, not the sale at auction, but Norges' subsequent sale to Anax.

The Summary of the Report on the Auction states (1) that Norges had an enforceable and validly recorded preferred ship mortgage under the law of St. Vincent and the Grenadines; (2) that the ship mortgage had been declared an enforceable title by a Greek Court exercising "voluntary jurisdiction"; and (3) that the vessel had been "arrested for the purposes of foreclosure" and sold at auction to Norges. The Summary also specifies the distribution of the sums received at auction, including the offset allowed to Norges for its outstanding claim. Finally, the document asserts that "[a]ll the lawful conditions and provisions have been fulfilled." The affidavit of Norges' attorney Vourdas reiterates in identical language many of the facts averred in the Summary.

We find that Anax failed to produce sufficient summary judgment evidence to establish as a matter of law that: (1) the Greek court was a competent court of *in rem* admiralty jurisdiction; (2) that the proceedings in Greece were fair and regular in the sense that the applicable Greek substantive and procedural law was complied with; (3) that the Greek court's seizure and sale of the vessel was a valid *in rem* proceeding; and (4) that the intended and actual effect of the alleged judicial sale was to transfer title to the vessel free and clear of all liens and encumbrances.

Although the Summary and affidavit produced by Anax contain a

7

virtual labyrinth of numbers and information identifying the ship mortgage and the Greek court's judgment, Anax did not produce the actual documents. Mere reference to a numbered document does not sufficiently establish the existence or validity of a foreign court judgment, or the basis of that court's jurisdiction, such that an American court should give full faith and credit to that judgment. Likewise, the conclusory statements by Norges' attorney and the notary public reporting on the auction that "all lawful conditions and provisions have been fulfilled" do not demonstrate as a matter of law that a court judgment was entered after fair and regular judicial proceedings. Neither of these documents bears a court seal or indicates that it was prepared by an officer of the Greek court or a person making a report to that court. Rather, the Summary states that it was prepared in order to be used by Norges "as a title of ownership in the vessel." We hold that the Summary and the attorney's affidavit were insufficient at the summary judgment stage to establish and require an American court to recognize the jurisdiction and judgment of the Greek court as a matter of law.

More importantly, Anax produced no evidence that the actual or intended effect of the judicial sale was to pass title to Norges free and clear of all liens and encumbrances. Neither the Summary nor Vourdas' affidavit states that the auction transferred title to Norges free and clear of all liens. Likewise, although the bill of sale does purport to transfer title free of encumbrances, the fact that Norges warranted its subsequent sale to Anax is of very

8

little, if any, probative value concerning the issue of whether Norges in fact purchased the vessel at auction free and clear of all liens and encumbrances. The complete absence of evidence on this critical element of proof alone creates a genuine issue of material fact which should have defeated Anax's motion for summary judgment.

Crescent urges this Court to find that the district court has a duty to scrutinize the applicable foreign procedural and substantive law before allowing a foreign judicial sale to have the effect of extinguishing pre-existing liens. In the hearing on Crescent's motion for summary judgment and the hearing on Crescent's motion for reconsideration, the district court expressed the opposite view, stating that the Greek proceedings were entitled to "a presumption of regularity." We strike a balance between these views, both to instruct the district court on remand and to establish some guiding principles related to the recognition of foreign judgments.

While the district court need not undertake *sua sponte* a detailed examination of the applicable law and procedures, it should require on summary judgment that the moving party present evidence to establish each element of the affirmative defense that the judicial sale extinguished pre-existing liens. That evidence, at minimum, should include (1) a certified copy of the foreign court's judgment which meets the authentication requirements of Federal Rule of Civil Procedure 44, together with an English language translation, and (2) the bill of sale or similar document

9

memorializing the judicial sale.  In most cases these two documents will be insufficient to establish that the foreign court was a court of competent admiralty jurisdiction, that the sale was conducted pursuant to a valid *in rem* proceeding in the foreign forum,[4] and that under the law of that forum the judicial sale would have transferred title free and clear of all encumbrances. In those cases, the moving party should also submit the affidavit of an expert, such as an attorney licensed to practice in the foreign to establish these facts.

Our decision today is in no small way influenced by the convoluted facts presented.  The United States district court in this case was asked to recognize the judgment of a Greek court which ordered the sale of a vessel registered in St. Vincent and the Grenadines pursuant to the foreclosure of a first preferred ship mortgage executed and recorded in St. Vincent and the Grenadines.  These facts alone generate a plethora of confusing conflict problems.  Additionally, Anax sought to use that Greek judgment to bar Crescent from enforcing a traditionally high-ranking maritime lien for tug services, which directly benefitted the vessel and were furnished in U.S. waters before both the recordation of the mortgage and the judicial sale.[5]  Further, Anax,

---

[4]Mere recitation of this fact will be insufficient.  The evidence must establish that the proceedings had all of the characteristics attendant to an *in rem* action as described in Belcher, 724 F.2d at 1165 and our other precedents.

[5]Crescent's bill for towing states that towing services were finished on June 29, 1992.  Anax claims that the preferred ship mortgage was executed on June 26 but not recorded until June 30, 1992.

the party claiming the benefit of the judicial sale, purchased the vessel for ten dollars only the day after Norges, the mortgagee who precipitated the foreclosure, bought the vessel at auction.

The linchpin piece, however, is that the only evidence of any preferred ship mortgage, arrest in rem, Greek court judgment or judicially ordered auction either comes from or was translated by Norges' Greek attorney, who would be interested in upholding the "free and clear" effect of the sale due to Norges' warranty in its bill of sale to Anax. By establishing parameters for the recognition of foreign judgments in this context, we do not reject the important need for comity and predictability as expressed in the age-old case of The Trenton, 4 F. 657 (E.D. Mich. 1880). We merely impose upon the traditional deference given to judgments by other courts of competent jurisdiction the requirement that parties prove both the judgment and the competence of the foreign court.

## CONCLUSION

Anax failed to meet its burden of proof on summary judgment to prove as a matter of law that a prior judicial sale extinguished Crescent Towing's pre-existing maritime lien. Genuine issues of material fact exist concerning the effect and nature of the alleged judicial sale of the M/V ANAX in Greece. We recognize that it is entirely possible that Anax will, after further discovery, produce sufficient evidence to establish that the Greek sale was ordered pursuant to a valid *in rem* proceeding and acted to extinguish Crescent Towing's lien. Based on the present state of the record, however, they have not yet achieved that objective.

11

REVERSED and REMANDED to the district court for proceedings consistent with this opinion.[6]

---

[6]Because we find that there were genuine issues of material fact precluding summary judgment, we do not reach the issue of whether the district court's correctly denied Crescent Towing's motion seeking reconsideration or Rule 56(f) relief.