William E. BROWN

v.

WASHINGTON NATIONAL INSURANCE COMPANY and Pan–American Life Insurance Company.

Civil Action No. 95–1712.

United States District Court, E.D. Louisiana.

Oct. 10, 1996.

Jacques Francois Bezou, Bezou & Matthews, Covington, LA, for William E. Brown.

Lauren A. Welch, McGlinchey, Stafford & Lang, New Orleans, LA, for Washington National Insurance Company.

Robert E. Barkley, Jr., Miguel Schor, Barkley & Thompson, New Orleans, LA, for Pan–American Life Insurance Company.

### *ORDERS AND REASONS*

FALLON, District Judge.

Before the Court are the following motions: 1) Plaintiff's motion for summary judgment; 2) Pan American's motion for summary judgment; 3) Pan American's and Washington National's motions to strike the jury.

### I. FACTS

Plaintiff, William E. Brown, filed a petition in the Civil District Court of Orleans Parish against defendants, Washington National Insurance Company ("Washington National") and Pan American Life Insurance Company ("Pan American"), seeking payment of long-term disability benefits under insurance policies issued by the defendants. Defendants removed the action to this Court.

Plaintiff, William E. Brown, was employed by Stone, Pigman, Walther, Wittman & Hutchinson ("Stone, Pigman") as an attorney from 1982 until 1993. During his employment, Brown became a lead trial attorney, specializing in commercial and corporate litigation. In 1988, he began to suffer from various health problems which continued throughout his employment. His health problems included Bell's Palsy, ocular migraines, pneumonia, and various other infections.

On December 15, 1985, Pan American issued an employee welfare benefit plan to Stone, Pigman for all employees, including the plaintiff. This plan was in effect until February 1, 1992 at which time Washington National issued a similar plan. Both plans provided for disability benefits for eligible participants.

In June, 1993, Brown's health became disabling, requiring him to discontinue his work as a commercial and corporate trial attorney. However, prior to 1993, Stone, Pigman relieved Brown from many trial duties because of his illnesses. In September, 1993 Brown resigned from Stone, Pigman for health reasons and received a buyout in the amount of $223,000.

Shortly thereafter, Brown filed a disability claim with Washington National, which was denied due to a lack of medical information supporting his claim of disability. Because of this denial, Brown alleges he was forced to continue to practice law to earn a livelihood and set up a scaled-down solo practice.

Brown seeks disability payments primarily from Washington National, who was Stone, Pigman's carrier at the time of his resignation. However, Brown has reserved his right to pursue a claim against Pan American, if its policy is found to be applicable.

### II. ANALYSIS

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In this analysis, the Court must view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *Crescent Towing & Salvage Co. v. M/V*

*Anax,* 40 F.3d 741, 743 (5th Cir.1994). The nonmoving party may not depend solely on denials contained in the pleadings, but must submit specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Mere conclusory rebuttals by the nonmoving party will not defeat a motion for summary judgment. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *reh'g denied,* 961 F.2d 215 (5th Cir.), *cert. denied,* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

Employee benefit plans are protected by the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). ERISA supersedes state law that relates to any employee benefit plan. 29 U.S.C. § 1144(a). The Court finds that ERISA governs both the Washington National and Pan American policies; therefore, interpretation of these policies is governed by uniform federal common law. *Evans v. Safeco Life Ins. Co.,* 916 F.2d 1437, 1439 (9th Cir.1990).

Section 1102(a)(1) of ERISA requires that every employee benefit plan shall be established pursuant to a written document. 29 U.S.C. § 1102(a)(1). In addition, ERISA requires that the plan fiduciary exercise its duties in accordance with "the instruments and documents governing the plan." 29 U.S.C. § 1104(a)(1)(D). In adjudicating employee claims under ERISA courts must interpret the benefits plan and adhere to its provisions as written. *Williams v. Bridgestone/Firestone, Inc.,* 954 F.2d 1070, 1074 (5th Cir.1992).

## 1) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

 Plaintiff moves this Court for summary judgment based on the fact he was "totally disabled" or "partially disabled" under Washington National's group policy. Washington National opposes the motion, arguing that plaintiff was neither disabled nor partially disabled pursuant to its policy. In addition, Washington National contends that Brown is barred from receiving benefits because his coverage under the policy was terminated prior to his disability claim.[1] The Court finds that questions of fact do exist as to the date of plaintiff's termination and as to whether plaintiff qualified as "disabled" under Washington National's policy.

The policy provides that coverage terminates on the date that employment terminates. *See* Defendant's Exhibit A, Washington National Policy. "Cessation of active employment will be deemed termination of employment." *Id.* Washington National claims that Brown is not entitled to disability benefits because the last date on which Brown was present at work was August 31, 1993.[2] *See* Defendant's Exhibit C, Employer's Report of Claim. Brown, on the other hand, claims his termination date did not become effective until September 17, 1993, the date of his withdrawal agreement with Stone, Pigman. Neither party has submitted evidence as to whether Brown was actively employed between August 31, 1993 and September 17, 1993. Accordingly, the Court finds there is a genuine issue of material fact regarding this issue.

In addition, the Court finds that a genuine issue of material fact remains regarding Brown's status as "disabled". Under the Washington National policy "disability means that because of injury or sickness you cannot perform each of the material duties of your regular occupation." *See* Defendant's Exhibit A, Washington National Policy. Brown asserts that he meets this definition because, at the time of his claim, he was unable to perform each of the material duties of a commercial and corporate trial lawyer. Washington National, on the other hand, contends that "trial attorney" was not Brown's "regular occupation" at the time he filed his claim for benefits. In support of this Washington National points out that Brown had

---

1. Washington National also argues that plaintiff failed to exhaust his administrative remedies and is now time-barred from doing so. The Court disagrees. ERISA does not specifically require the exhaustion of administrative remedies, and the Fifth Circuit requires a plaintiff to exhaust administrative remedies only if the plan provides for such remedies. *Medina v. Anthem Life Ins.*

*Co.,* 983 F.2d 29, 33 (5th Cir.1993). Washington National's policy does not contain any administrative remedy; therefore, the plaintiff cannot be time barred from a remedy that does not exist.

2. Plaintiff's employer, Stone, Pigman provided this information to Washington National.

not litigated since 1990. Accordingly, Washington National argues that, at the time of his claim, plaintiff's regular occupation was an "attorney" and that he was able to perform each of the material duties of an "attorney."

It is uncontested that Brown was a lead trial attorney for Stone, Pigman prior to his illness and that due to his illness he was removed from this position and placed into a non-litigation position. However, neither party has submitted evidence as to what material difference, if any, exists between these positions or between the material duties of these positions. Brown states he could not devote long hours, perform intense work, or endure high stress required in corporate litigation. However, it is unclear whether these job characteristics constitute "material duties", as defined in the policy, or whether they simply describe the conditions under which trial and/or non-trial attorneys work. Because the Court finds that genuine issues of material fact remain, plaintiff's motion for summary judgment must be denied.[3]

### 2) PAN AMERICAN'S MOTION FOR SUMMARY JUDGMENT

█ Plaintiff also seeks total disability or rehabilitative benefits from Pan American in the event that he is not covered under the Washington National plan. Pan American's disability plan requires that for the insured to be "totally disabled" he must be continuously unable to perform the substantial and material duties of his occupation; be under the regular care of a licensed physician; and not be gainfully employed in any occupation for which he is or becomes qualified during the Elimination Period of 90 days. *See* Defendant's Exhibit A, Pan American Plan.

Pan American filed a motion for summary judgment asking the Court to dismiss plaintiff's claim with prejudice on grounds that plaintiff was not "totally disabled", as defined in its policy, when plaintiff filed his disability claim with Pan American on January 28, 1992.

It is uncontested that plaintiff remained employed by Stone, Pigman until September of 1993. Thus, plaintiff was gainfully employed during his 90–day Elimination Period. No evidence has been introduced to the contrary. Accordingly, the Court agrees with Pan Am that no genuine issue of material fact remains for trial and that Pan Am is entitled to judgment as a matter of law.[4]

### 3) PAN AMERICAN'S AND WASHINGTON NATIONAL'S MOTIONS TO STRIKE THE JURY.

█ It is well established that a claimant for benefits under an ERISA plan is not entitled to a trial by jury, *See, Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994); *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir.1980). Therefore, defendants' motions to strike the jury are granted.

### III. CONCLUSION

Because the Court finds a genuine issue of material facts IT IS HEREBY ORDERED THAT plaintiff's motion for summary judgment against defendant, Washington National, is hereby DENIED. IT IS FURTHER ORDERED that Pan American's motion for summary judgment is hereby GRANTED and plaintiff's claims against Pan American are hereby DISMISSED. It is further ordered that the defendants' motion to strike the jury demand is hereby GRANTED.

---

**3.** The Court will not address plaintiff's partial disability claim because such a finding depends upon the clarification of plaintiff's occupation and the material duties of his occupation.

**4.** The Court will not address plaintiff's claim for rehabilitative benefits because these benefits are dependent upon a finding of total disability.