Alison H. WILLIS

v.

**UNITED PAPERWORKERS INTERNATIONAL UNION LOCAL 189.**

Civil Action No. 95–1767.

United States District Court, E.D. Louisiana.

Oct. 10, 1996.

Victor Roma Farrugia, Victor R. Farrugia, Attorney at Law, New Orleans, LA, for plaintiff.

William Lurye, Robein, Urann & Lurye, Metairie, LA, for defendant.

## ORDERS AND REASONS

FALLON, District Judge.

Before the Court is United Paperworkers International Union Local 189's motion for summary judgment. For the reasons that follow, the defendant's motion for summary judgment is GRANTED.

## I. FACTS

Plaintiff, Alison Willis, is employed by Gaylord Container Corporation ("Gaylord") at its papermill in Bogalusa, Louisiana. Ms. Willis is a member of the Union Local 189 ("Local 189"), an affiliate of the United Paperworkers International, which is the bargaining representative for the collective bargaining unit of Gaylord and its mill employees. A collective bargaining agreement (the "Labor Agreement") between Gaylord and Local 189 governs the terms and conditions of the employees in the bargaining unit.

The instant matter arises from Gaylord's practice of placing bargaining unit employees in temporary salaried positions. If an employee is placed in a temporary salaried position such position is not covered by the Labor Agreement; however, the employee

remains a union member. Under the Labor Agreement, these temporary salaried positions may last up to six months without the employee forfeiting her seniority in the bargaining unit. If additional time is needed, Gaylord may request an extension from Local 189. If Local 189 does not grant the extension, Gaylord must return the employee to the bargaining unit, or make the position permanent.

At any time during the six month period, Local 189 may request that Gaylord return the temporarily assigned employee to the bargaining unit. However, the Labor Agreement requires that both parties discuss the employee's return to the bargaining unit prior to her actual return. If an agreement is not reached between the two parties, the employee will forfeit her seniority rights within the bargaining unit unless she returns to the unit within 30 days. This is known as "terminating" the leave.

Prior to the present action, the plaintiff held a bargaining unit position in the technical department. On January 15, 1995, the plaintiff, as a junior employee, was bumped from this position to a position in the paper products department.[1] Prior to plaintiff's bump, Gaylord had declined, after a request from Local 189, to make permanent the temporary salaried positions of two other employees, Steve Owens and Linda Terrell. In response to this decision, Local 189, pursuant to the Labor Agreement, terminated the temporary leaves of Owens and Terrell.[2] These terminations resulted in the return of Owens and Terrell to the technical department as hourly employees, positions that were within the bargaining unit. The return of Owens and Terrell to the technical department resulted in overstaffing of the department. The plaintiff, as the least senior union member, was bumped. In turn, plaintiff bumped a less senior union member in the paper products department.

These actions led to the plaintiff filing the instant complaint against Local 189 for alleg-edly breaching its duty of fair representation because at the time it acted to terminate the leaves of Owens and Terrell it had full knowledge that this action would lead to the plaintiff's demotion. In addition, the plaintiff further asserts that Local 189 breached its duty of fair representation because it refused to waive a two year requirement period that is required when bidding on a position in a different department. Plaintiff seeks reinstatement, backpay, damages, and costs and attorney's fees.

The defendant filed this motion for summary judgment claiming it did not violate its duty of fair representation because it did not act arbitrarily, discriminatorily or deceitfully. In addition, defendant claims plaintiff did not exhaust her contractual and internal union remedies.

## II. STANDARD OF REVIEW

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In this analysis, the Court must view the facts and inferences from the evidence in the light most favorable to the nonmoving party. *Crescent Towing v. M/V Anax*, 40 F.3d 741, 743 (5th Cir.1994). The nonmoving party may not depend solely on denials contained in the pleadings, but must submit specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Mere conclusory rebuttals by the nonmoving party will not defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *reh'g denied*, 961 F.2d 215 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). This legal standard will be used in the following analysis of the issues.

---

1. "Bumping" is the movement of an employee from a one position to another. In Ms. Willis' case her bump resulted in a salary reduction, from $11.48 to $9.58. However, the Court notes that plaintiff has recently returned to the technical department and is making $11.55 per hour.

2. Owens and Terrell had occupied temporary salaried positions for four and seven years, respectively.

## III. ANALYSIS

■ A labor union is an employees' bargaining representative and thus has a duty of fair representation to those it represents. *Steele v. Louisville & Nashville R. Co.*, 323 U.S. 192, 198, 65 S.Ct. 226, 230, 89 L.Ed. 173 (1944). This duty requires a union to represent its members honestly and in good faith. *Air Line Pilots Ass'n, Int'l v. Joseph E. O'Neill*, 499 U.S. 65, 73, 111 S.Ct. 1127, 1133, 113 L.Ed.2d 51 (1991). A union breaches its duty of fair representation if its actions are either arbitrary, discriminatory or in bad faith. *Id.* at 67, 111 S.Ct. at 1130.

■ In reviewing union actions for arbitrariness, the Court must afford a great latitude to the union's decisions so that it can effectively perform its bargaining duties. *Air Line Pilots Ass'n, Int'l*, 499 U.S. at 77, 111 S.Ct. at 1135. "A union's actions are arbitrary only if, in light of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Id.* at 67, 111 S.Ct. at 1130, citing *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953). Thus, for the Court to find that the defendant violated its duty of fair representation it must find Local 189 acted irrationally.

### 1) Violation of Duty of Fair Representation

■ Ms. Willis contends that Local 189 violated its duty of fair representation because the union knew it would injure plaintiff when it terminated Owens' and Terrell's temporary leaves. Plaintiff correctly asserts that Local 189 knew two technical positions would be eliminated if Owens and Terrell were returned to their permanent positions. However, there is no evidence to support the allegation that the defendant violated its duty of fair representation by knowingly injuring or intentionally acting to injure the plaintiff.

■ The primary goal of the duty of fair representation is to identify and protect individual interests without undermining the majority's interests. *O. Tedford v. Peabody Coal Co.*, 533 F.2d 952, 956 (5th Cir.1976). When these two groups clash the former must yield to the latter. *Id.* The defendant claims it had the option to terminate Owens' and Terrell's leaves because such leaves partially contributed to a shortage of manpower in the bargaining unit.[3] Therefore, the defendant clearly had a legitimate interest in taking the action it did on behalf of the entire union. The Court finds that the union's interest to protect the bargaining unit as a whole outweighs the plaintiff's interest to remain in a more desirable position.

Furthermore, Local 189, pursuant to its labor agreement with Gaylord, had the authority to terminate a temporary leave employee if Gaylord would not make the employee's position permanent. Gaylord chose not to make Owens' and Terrell's positions permanent, thus Local 189 had the option to terminate their leaves. Instead, Gaylord decided to return Owens and Terrell to their hourly positions in the technical department, which resulted in the bumping of plaintiff to another department.[4] The Court finds that plaintiff, by being a member of Local 189, is subject to the labor agreement and its effects, even if such effects are adverse to her personal interests, as long as those effects advance the greater good of the union as a whole. Thus, the defendant's decision to terminate the leaves of Owens and Terrell did not violate its duty of fair representation.

■ In addition, the plaintiff alleges that Local 189 violated Section XVII of its bylaws, which states that a union member "... will use all honorable means within my power to procure employment for the members of the Union; that I will not wrong a member, or see him or her wronged, if in my power to prevent." *See* Plaintiff's Exhibit 4. The Court does not find that the defendant violat-

---

**3.** Plaintiff makes an additional allegation that a union official used his position when terminating the leaves of Terrell and Owens to raise himself to a higher position. However, the Court notes the decision to terminate these leaves was by the 18–member Executive Board, not a single member.

**4.** The Court notes that plaintiff retained her "right to recall" for the next permanent position in the technical department.

ed this section of the bylaws. The plaintiff's alleged harm is a byproduct of the Union's agreement with Gaylord. The Labor Agreement specifically allows Local 189 to terminate temporary leaves if Gaylord does not make these positions permanent. Ms. Willis' removal from the department to another is in effect caused by Local 189's returning of union members into their hourly positions.

Although the plaintiff was placed into a less desirable position, she never lost employment. In addition, the plaintiff retained her right to return to the technical department if such a position became available. In fact, the record indicates that the plaintiff has returned to the technical department. Therefore, Local 189 did not violate its duty to procure employment or not wrong the plaintiff.

 Lastly, Ms. Willis contends that the defendant violated its duty of fair representation because it did not allow her to bid on a position in another department. Although Gaylord officials may have approved this request, Section XXII of the Labor Agreement between Gaylord and Local 189 clearly states that an employee must have a minimum of two years consecutive service in the department from which she seeks transfer before she can be eligible to bid. *See* Defendant's Exhibit D. Although plaintiff's bump from the technical department resulted in a lower wage for her, Ms. Willis is subject to this provision and bound by its requirements. Therefore, the Court finds that Local 189 did not violate its duty of fair representation when it denied her request to bid on a position in a different department.

Because the Court does not find that the union's actions were arbitrary, discriminatory or in bad faith the Court finds Local 189 did not violate its duty of fair representation.

**2) Failure to Exhaust Remedies**

Because the Court has found that the defendant did not violate its duty of fair representation, the Court need not address the defendant's exhaustion of remedies argument.

## IV. CONCLUSION

THEREFORE, for the foregoing reasons, IT IS ORDERED THAT the defendant's motion for summary judgment is HEREBY GRANTED.