ORDER AND REASONS
 

 FALLON, District Judge.
 

 Before the Court is the defendant’s motion for summary judgment. For the following reasons, the defendant’s motion for summary judgment is GRANTED.
 

 I. BACKGROUND
 

 Dennis Marchesani, a Tennessee resident, was injured on August 25, 1998 while working at the Crescent Hosiery factory in Niota, Tennessee. Marchesani suffered burn-related injuries while pushing a buggy of socks in the plant past a pressurized dye machine. Without warning, the door of the machine blew open and burned Mar-chesani with hot chemicals and steam. Marchesani argues that his injuries resulted from a product defect in the pressurized dye machine. He explains that the machine could not be operated with its lock-pin in place, but could be operated if the door was not completely secure.
 

 Defendant Pellerin-Milnor Corp. (“Pellerin”), a Louisiana corporation, manufactured the dye machine used in the Crescent Hosiery plant (Milnor Model No. 42026DPS, Serial No. 85037/4565403) and sold it on June 26, 1984 to Speizman Industries, a dealer who shipped the model directly to Crescent Hosiery on June 25, 1984. Plaintiffs sue defendant under Louisiana law alleging negligent manufacture and design. Defendant denies liability and insists that the machine was designed using appropriate technology. Moreover, Pellerin claims that it provided Crescent Hosiery with enough information to operate the machine properly.
 

 Pellerin contends that summary judgment is appropriate in this case because Tennessee law applies to plaintiffs’ claims and prevents them from bringing a cause of action as a matter of law under Tennessee’s products liability statute. Plaintiffs (“Marchesani”) respond that Louisiana law applies to their claims and thus they are not precluded from bringing a claim against Pellerin in a Louisiana court.
 

 II. ANALYSIS
 

 A.
 
 Standard of Review
 

 Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 
 See
 
 Fed.R.Civ.P. 56(c). In this analysis, the Court must view the facts and inferences from the evidence in the light most favorable to the nonmoving party.
 
 See Crescent Towing & Salvage Co. v. M/V ANAX,
 
 40 F.3d 741, 743 (5th Cir.1994). Once the moving party demonstrates that there is no issue of material fact, the burden shifts to the non-moving party to prove that there is an issue of material fact.
 
 See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). .
 

 B.
 
 Conflict of Laws
 

 The present case presents a true conflict between Louisiana and Tennessee laws. While Louisiana limits a plaintiffs right to sue a product manufacturer to one year of the injury, Tennessee restricts products liability suits to claims made within ten years of the date the product was first purchased for use.
 
 See
 
 La. Civ. Code Ann. art. 3492; Tenn.Code Ann. § 29-28-103. Because the defendant’s machine was first purchased for use by Crescent Hosiery more than ten years ago, the Tennessee statute would bar plaintiffs’ cause of action while Louisiana law would allow plaintiffs to assert the claim.
 

 
 *721
 
 A federal court considering a diversity case with a conflict of laws determines what substantive law to apply by following the choice of law rules of the forum state.
 
 See Erie R. Co. v. Tompkins,
 
 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938);
 
 Klaxon Co. v. Stentor Electric Mfg. Co.,
 
 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941);
 
 Allison v. ITE Imperial Corp.,
 
 928 F.2d 137, 138 (5th Cir.1991). This court, therefore, looks to the choice of law rules of Louisiana to decide whether Louisiana or Tennessee’s substantive law applies to plaintiff’s product’s liability claim.
 

 Louisiana Civil Code Article 3545 governs choice of law questions in products liability cases. La. Civ.Code Ann. art. 3545. This statute explains that Louisiana law applies to products liability cases:
 

 (1) when the injury was sustained in this state by a person domiciled or residing in this state; or (2) when the product was manufactured, produced, or acquired in this state and caused the injury either in this state or in another state to a person domiciled in this state.
 

 Id.
 
 Because Marchesani neither resides nor is domiciled in Louisiana, Article 3545 is not applicable. In such an instance, the Court must look to other codal articles to determine the applicable law.
 
 See id
 
 at Comment (c); Symeon C. Symeonides,
 
 Louisiana’s New Law of Choice of Law for Tort Conflicts: An Exegesis,
 
 66 Tul. L.Rev. 677, 699 (1992) (explaining that Article 3542 should be applied to cases not provided for by Article 3545).
 

 Article 3542 details the general choice of law rule for Louisiana tort actions. Under this provision,
 

 an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if the law were not applied to that issue. That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, the habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.
 

 La. Civ.Code. Ann. art. 3542. The policies of Article 3515, referred to in Article 3542, include “needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.”
 
 Id.
 
 art.
 
 8515.
 

 Pellerin argues that the policies of Tennessee would be seriously impaired if its products liability law were not applied to this litigation. First, Pellerin insists that the pertinent contacts favor Tennessee because Marchesani lives and is a resident of Tennessee and Crescent Hosiery operates the plant where Marchesani was injured in Tennessee. Second, Pellerin claims that public policies of Tennessee would be disrupted because Tennessee has a statute of repose restricting products liability actions to “ten years from the date on which the product was first purchased for use of consumption.”
 
 See
 
 Tenn.Code Ann. § 29-28-103.
 

 Marchesani contends that Louisiana law would be more seriously impaired if not applied to this cause of action. Because the defendant is a Louisiana corporation that manufactured its product in Louisiana, Marchesani explains that the pertinent contacts of .this case exist in Louisiana. Moreover, Marchesani maintains that Louisiana’s interest in deterring wrongful conduct trumps any interest of Tennessee because the Tennessee statute of repose was enacted to protect Tennessee manufacturers from products liability
 
 *722
 
 suits and the defendant in this case is a Louisiana manufacturer.
 

 Louisiana and Tennessee have an equal number of contacts to this case. While the plaintiff resides and is domiciled in Tennessee, the defendant is a Louisiana corporation that operates and manufactures its products in Louisiana. The accident occurred in Tennessee, but the alleged, deliberate events giving rise to the accident occurred in Louisiana. Although a simple count of the number of contacts need not determine a choice of law inquiry, the pertinent contacts in this case favor neither Louisiana nor Tennessee.
 
 See
 
 Symeon-ides,
 
 Louisiana’s New Law of Choice of Law for Tort Conflicts: An Exegesis,
 
 66 Tul. L.Rev. at 697.
 

 The Fifth Circuit considered a similar balance of contacts that also involved the Tennessee products liability statute in
 
 Allison v. ITE Imperial Corp. See
 
 928 F.2d 137 (1991). In
 
 Allison,
 
 a Mississippi resident and employee of a Mississippi corporation doing work in Tennessee, brought a products liability action in Mississippi against a Pennsylvania manufacturer of a circuit breaker that allegedly malfunctioned while being used in Tennessee.
 
 See id.
 
 at 137. The Court determined that the injury occurred in Tennessee; the conduct causing the injury occurred in Pennsylvania; the residence of the parties included Mississippi, Delaware, Illinois, and Pennsylvania; and the relationship was centered in Tennessee because the injury occurred there.
 
 Id.
 
 at 142. Because the contacts did not favor a particular state, the Court explained that Mississippi choice of law rules dictated applying the law where the injury occurred (Tennessee) unless other considerations pointed to a more significant relationship by another state.
 
 Id.
 
 at 143. The Court further found that policy considerations favored the application of Tennessee law because “Tennessee has a strong interest in limiting a manufacturer’s exposure and insuring that products liability actions are brought within a reasonable time frame while evidence is still available.”
 
 Id.
 
 at 144. The fact that the manufacturer was a foreign corporation, i.e. a Pennsylvanian corporation, did not lessen Tennessee’s interest.
 

 Although Marchesani presents reasonable arguments for applying Louisiana law to this case, this Court cannot ignore the clear decision of the Fifth Circuit in
 
 Allison.
 
 In
 
 Allison,
 
 the Court refused to apply Mississippi law to a products liability case involving Mississippi plaintiffs. The present case presents an even stronger argument for applying Tennessee products liability law than
 
 Allison
 
 because the plaintiffs in this case are Tennessee residents who were injured in Tennessee. They attempt to distinguish
 
 Allison
 
 on the basis that it applied Mississippi and not Louisiana choice of law rules;, yet, Mississippi and Louisiana share similar choice of law principles.
 
 See Egan v. Kaiser Aluminum & Chemical Corp.,
 
 677 So.2d 1027, 1037 (La.App. 4th Cir.1996) (applying the interest factors of the Restatement of Conflict of Laws to a Louisiana conflict of law question). While Louisiana has an interest in deterring its corporations from manufacturing harmful products and holding accountable those manufacturers that do cause injury, it does not have a greater interest than Tennessee in this case. The injury in this case occurred in Tennessee and the Fifth Circuit has held that Tennessee promotes important state policies through its products liability laws.
 
 See Allison,
 
 928 F.2d at 142-43. This case follows a line too closely to
 
 Allison
 
 to permit this Court to divert from precedent. That is a path only available to the Fifth Circuit to follow.
 

 III. CONCLUSION
 

 For the foregoing reasons, defendant’s motion for summary judgment is hereby GRANTED. Plaintiffs’ claims are DISMISSED WITH PREJUDICE, each party to bear its own costs.